[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS THE ESCAPE CHARGE
On October 30, 1997, the defendant was convicted under Docket Numbers CR10-235655 and CR10-234052 and given a total effective sentence of eighteen months to serve. On May 8, 1998, he was transferred to Transitional Supervision by the Department of Correction (DOC) and mandated to reside at 19 Coit Street, 2nd Floor, New London, Connecticut. A condition of the defendant's release required him to report on a weekly basis; he last reported on June 17, 1998. Subsequently, the DOC conducted a residence check and determined that the defendant had never resided at the 19 Coit Street address since the date of his release to Transitional Supervision.
In light of that investigation, the defendant Cameron Seales has been charged with Escape in the 1st degree, a violation of § 53a-169
C.G.S. By motion filed May 7, 2002, the defendant moves to dismiss the charge on multiple grounds, all of which essentially claim that after July 4, 1994, no escape from abode provision existed in the statute and, thus, the defendant cannot be charged with a crime that did not exist. The state filed a Memorandum in Opposition to the Motion to Dismiss on May 22, 2002, arguing any motion to dismiss based on an insufficiency of the evidence claim violated Connecticut Practice Book § 41-9 and C.G.S. § 53a-169, and furthermore, the defendant's motion for all other reasons was without merit. The court held oral argument on June 6, 2002, at which time all parties appeared and had an opportunity to be fully heard. CT Page 9504
II. Discussion
The defendant has been charged with violating § 53-169 C.G.S., Escape in the 1st degree. Specifically, the state claims that Mr. Seales escaped from his grandmother's abode to which he was released by the Commissioner of Correction pursuant to the DOC's Transitional Supervision program on May 8, 1998. The defendant claims that no violation exists as the statutory provision which included an "escape from an abode" was not applicable at the time of the defendant's alleged offense. The defendant argues that the "escape from abode" provision was applicable from July 5, 1989, until July 1, 1994, and accordingly, the defendant cannot be criminally charged for an offense that allegedly occurred in May of 1998. In essence, defendant contends that the abode to which he was released at that time is not a community residence under the statute.
This court does not disagree with the defendant's historical analysis of that portion of the statute upon which he relies. Public Act 89-383 amended § 53-169 (2)(a) to include a person who escapes from his abode to which he was released. The legislative history confirms the defendant's argument that this provision was effective from July 5, 1989, until its expiration on July 1, 1994. The defendant's reliance on this statutory subsection alone, however, is misplaced.
Section 53a-169 (a)(2) C.G.S. provides that "a person is guilty of escape in the first degree . . . (2) if he escapes from any public or private, nonprofit halfway house, group home or mental health facility or community residence to which he was transferred pursuant to subsection (e) of § 18-100 or § 18-100c and he is in the custody of the Commissioner of Correction. . . ." Section 18-100c allows for the release of prisoners with definite sentences of two years or less to ". . . any other community correction program approved by the Commissioner of Correction."
The state first argues that the defendant's motion is based on his claim that the facts set forth in the arrest warrant affidavit are insufficient and thus, do not constitute a violation of § 53a-169
C.G.S. As such, the state claims that the defendant's motion is in violation of Practice Book § 41-9. That section states:
 No defendant who is charged with a crime punishable by death or life imprisonment for which probable cause has been found at a preliminary hearing pursuant to General Statutes § 54-46a or who has been arrested pursuant to a warrant may make a motion under subdivisions (5) or (9) of § 41-8.
CT Page 9505 Practice Book § 41-8 provides for a Motion to Dismiss. Subsection (5) states:
 (5) Insufficiency of evidence or cause to justify the bringing or continuing of such information or the placing of the defendant on trial.
The state is correct in its analysis. Defendant's claim does, in part. sound like a sufficiency of the evidence argument. As such, the defendant would be barred from raising this claim in a Motion to Dismiss. The court agrees with the state on this issue. Despite its concurrence, the court will still address the statutory argument which comprises the state's second claim. The state argues that the Transitional Supervision on which the defendant was placed by the DOC is a program approved by the Commissioner of Correction. The state concludes that the DOC could, therefore, place the defendant at the Coit Street, New London address under its Transitional Supervision program. Once placed, the defendant would still be in the custody of the Commissioner of Correction and if the defendant did not remain in that placement, then the defendant would be subject to an escape charge.
The affidavit in support of the arrest warrant supports the state's claim. Paragraph three of the affidavit states in pertinent part: ". . . on 6/5/98, Cameron Seales was released to the Transitional Supervision Program as approved by the Commissioner of Correction and authorized by Connecticut General Statute 18-100c." This interpretation is further confirmed in later legislative history to Public Act 98-39, now codified at § 53a-159 C.G.S. The intent of the legislature was to add escape from Transitional Supervision as a chargeable offense. This was the written testimony of Commissioner Armstrong from the DOC who testified that while "an inmate who absconds from Transitional Supervision is currently subject to being remanded to custody, we support this legislation which allows the Office of the Chief State's Attorney to more easily prosecute an offender for such actions." This legislative intent was echoed by Representative Lawlor, co-chair of the Judiciary Committee, who stated that the passage of the statute would allow the state to charge an inmate with escape if the individual absconded. It is apparent that the statute was amended in 1998 for this purpose.
 III. Conclusion
If the defendant's Motion to Dismiss is based entirely on an insufficiency of the evidence charge, then said motion is not allowed under Practice Book §§ 41-9 and 41-8 (5). To the extent that the defendant's motion addresses other statutory claims, the court finds that Escape from Transitional Supervision is a chargeable offense under § CT Page 950653a-169 (a)(2) C.G.S. The DOC has the authority to determine the placement to which an inmate will be released within the Transitional Supervision program under § 18-100c C.G.S. The defendant was placed on Transitional Supervision to the Coit Street address in New London. Upon investigation, the DOC determined that the defendant was not residing at the Coit Street address. Accordingly, the state has appropriately charged the defendant with escape from Transitional Supervision based on the affidavit that sufficiently alleged probable cause to believe that the defendant Cameron Seales had physically departed from his authorized community release. Therefore, the defendant's Motion to Dismiss the Escape Charge is denied.
Handy, J.